IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAM JENKINS, SR.

       Plaintiff,

vs.                                                          CIV. No. 98-0190 LH/RLP

THE LAW FIRM OF SAGER,
CURRAN, STURGES & TEPPER, P.C.,
DEBORAH RUPP GONCALVES, P.C.,
and DEBORAH RUPP GONCALVES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 8(a), 9(b) and 12(b)(6) (Docket No. 9), filed March 12, 1998, and Defendants' Motion for Rule 11 Sanctions pursuant to FED. R. CIV. P. 11 (Docket No.17 ), filed April 8, 1998. This Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that Defendants' Motion to Dismiss pursuant to grounds stated under FED. R. CIV. P. 12(b)(6) (Docket No. 9), filed March 12, 1998 is **granted;** and Defendants' Motion for Rule 11 Sanctions pursuant to FED. R. CIV. P. 11 (Docket No.17 ), filed April 8, 1998 is **denied.**

### Background

Plaintiff Jenkins, a pro se litigant and the director of a legal reform organization, alleges that lawyers and judges conspire against pro se litigants by creating and maintaining a "political class" through the use of "judicial discretion, lawyer rules, judicial rules, court rules, unpaid fees or other

trumped-up legal technicalities . . ." (Compl. at p. 5 ¶ 14).  Allegedly, the Defendants are involved in a conspiracy that  forms the basis for Plaintiff's allegations under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. §§ 1961 et seq., and the basis for Plaintiff's civil rights violations, 42 U.S.C. §§ 1983, 1985, and 1986.

The complaint sets forth eight "counts" under RICO, 18 U.S.C.A. §§ 1961 et seq.,: (1) Defendants conspired with their clients to file a fraudulent lawsuit against the Plaintiff in order to extort a settlement; (2) Defendants conspired with clients and a judge to omit a real and indispensable party in interest; (3) Defendants conspired with clients and a judge to permit an unnamed lawsuit to proceed despite contrary legal authority; (4) Defendants committed mail fraud under 18 U.S.C. § 1341 by sending court correspondence to the Seventh Judicial District; (5) Defendants obstructed justice in violation of 18 U.S.C. § 1503 by conspiring with and influencing a court by "dishonest, unjust and immoral acts"; (6) Defendants endeavored to conspire with and influence a court to obstruct justice by denying Plaintiff a jury trial; (7) Defendants conspired to "benefit their financial enterprise, corrupting the investment of public funds"; and (8) Defendants used public funds for payment of interstate products and services (Compl. at p. 10-11 ¶ 30).

Plaintiff also alleges that the Defendants conspired to violate his civil rights. Plaintiff's complaint sets forth  four counts  under 42 U.S.C. §§ 1983, 1985, and 1986: (1) Defendants conspired with a judge in their pleadings to deny Plaintiff of his right to a trial by jury; (2) Defendants conspired with a  judge to deny Plaintiff due process; (3) Defendants conspired with a judge in ex parte communications resulting in injury to the Plaintiff; and (4) Defendants conspired with a judge to obstruct justice in acts of discrimination toward a pro se litigant. (Compl. at p. 11-12 ¶ 31).

**Discussion**

A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court's obligation to construe pro se pleadings liberally does not relieve the pro se plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* at 110. "[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* at 110. For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

In the present case, the Plaintiff fails to identify the attorneys, the judge, the clients, or the lawsuit involved in the alleged conspiracy. No actual persons, dates, events, agreements, or details of the alleged conspiracy are specified in the complaint. The complaint is devoid of details stating what specifically is alleged to have occurred, what Defendants allegedly did wrong, what their purported coconspirators allegedly did wrong, what acts or events the claim is based on, and how Plaintiff was allegedly injured. Instead, Plaintiff alleges in a conclusory fashion that "judges and lawyers conspire to expand and protract legal matters into extended periods of costly litigation in violation of rules and statutes," target "deep pocket" "victims" of "lawyer business opportunities," "obstruct justice," and protect the "dominant lawyer culture."(Compl. at p. 6 ¶¶ 17, 18, and 19).

Defendants move to dismiss Plaintiff's RICO and civil rights claims for "failure to state a claim upon which relief can be granted," alleging lack of sufficient specificity in the complaint.[1] Dismissal

---

[1] Defendants argue that Plaintiff's RICO claims, premised upon allegations of fraud, also violate FED. R. CIV. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P.

under FED. R. CIV. P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957)). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A court judges the sufficiency of the complaint accepting as true the well- pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. at 236; *Hall v. Bellmon*, 935 F.2d at 1109. These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

As a basis for his RICO claim, Plaintiff states that "[the] defendants jointly, severally, and individually created an enterprise with acts or threat to acts [sic] to commit two or more predicate

---

9(b). This requirement is justified by the "threat of treble damages and injury to reputation." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir.1992), citing, *Cayman Exploration Corp. v. United Gas Co.*, 873 F.2d 1357, 1362 (10th Cir.1989). The dismissal of a claim for failing to satisfy Rule 9(b) is treated as a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Ambraziunas v. Bank of Boulder*, 846 F.Supp. 1459, 1462 (D.Colo.1994). Furthermore, Defendants argue that Plaintiff's complaint should be dismissed because it violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977).

acts including conspiracy, extortion, mail fraud, wire fraud and constructive fraud by filing a wrongful lawsuit against the Plaintiff." (Compl. at p. 8 ¶ 24). RICO prohibits a person from engaging in activities that affect interstate or foreign commerce, including: (1) using income received from a pattern of racketeering to acquire an interest in an enterprise; (2) acquiring or maintaining an interest in an enterprise through a pattern of racketeering; (3) conducting or participating in the affairs of an enterprise through a pattern of racketeering; and, (4) conspiring to commit any of the above offenses. To establish a prima facie RICO claim, a civil plaintiff must allege the existence of seven elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a ' pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." 18 U.S.C.A. § 1962; *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1362 (10th Cir. 1989).

As support for his RICO claims, Plaintiff states, " . . . specifically the defendants; (1) are persons (2) These persons have employed a pattern of racketeering activity (3) Their activities constitute an illegal enterprise in acts or threat of acts; The proceeds from their enterprise affects interstate commerce  (5) These persons have violated 18 U.S.C. § 1962 in one or more prohibited ways and (6) These persons have cause injury to the Plaintiff professionally, all in violation of 18 U.S.C. § 1961-1962 and NMSA 30-42-1 et seq as well." [sic] (Compl. at p. 3 ¶ 7). As mentioned above, Plaintiff fails to allege the dates, events, agreements, or details of the alleged RICO violation. The complaint is devoid of details stating even generally what is alleged to have occurred, what Defendants allegedly did wrong, what their purported coconspirators allegedly did wrong, what acts or events the claim is based on, and how Plaintiff was allegedly injured. By failing to allege any

underlying facts of the purported RICO violation, the Plaintiff's RICO claims cannot withstand a motion to dismiss for failure to state a claim.[2]

Defendants also argue that the Plaintiff's civil rights claims under 42 U.S.C. §§ 1983, 1985 and 1986 should be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim under which relief can be granted. Plaintiff's civil rights claims all relate to an alleged conspiracy between lawyers, assumed to include the Defendants, and unnamed judges, to violate Plaintiff's civil rights in some unspecified way having to do with a state court lawsuit.

The terms of Section 1983 make plain two elements that are necessary to survive a motion to dismiss. First, plaintiff must show that the defendant's actions were under color of state law. Second, the plaintiff must show a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. *Marland v. Heyse*, 315 F.2d 312 (10th Cir.1963); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

As grounds for a § 1983 claim, Plaintiff alleges that the Defendants conspired with an unnamed judge in a unidentified state court lawsuit to violate Plaintiff's civil rights. Plaintiff states, "defendants [sic] actions were acts of conspiracy to violate the civil rights of Plaintiff in conspiracy with a state actor acting under the color of law. This conspiracy was designed to deny Plaintiff his constitutional rights under Amendment Five, Seven and Fourteen." (Compl. at p. 3 ¶ 9). Plaintiff states, "[J]udges become a moving force in a variety of ways for conspiracy and corruption protecting the dominant lawyer culture, while under the color of law restricting the civil rights and liberties of

---

[2]Plaintiff alleges that Defendants violated New Mexico's racketeering statute. 30-42-1 to 30-42-6 N.M.S.A 1978. The purpose of the Racketeering Act is to "eliminate the infiltration and illegal acquisition of legitimate economic enterprise by racketeering practices and the use of legal and illegal enterprises to further criminal activities." 30-4-2 N.M.S.A. 1978. This criminal statute does not provide Plaintiff with a civil cause of action.

the ordinary citizen in order to help the lawyer steal what they cannot otherwise earn by lawful means." (Compl. at p. 6 ¶ 19).

The question before this Court is whether the alleged conspiracy between Defendants and an unnamed state court judge in an unidentified state judicial proceeding constitutes state action as required for a valid § 1983 claim. While the Supreme Court has held that being a willful participant in a joint action with a state-court judge can be state action for § 1983 purposes, § 1983 requires "significant" involvement by the state in the allegedly unconstitutional conduct. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In other words, Plaintiff must demonstrate that there was a significant nexus between the actions of the state and the alleged conspiracy. In the present case, Plaintiff fails to demonstrate that the state played a significant role in the discrimination alleged. It is not enough for Plaintiff to randomly allege that judges "protect the dominant lawyer culture." (Compl. at p. 6 ¶ 19). Section 1983 necessitates a showing that the state did more than merely supply a forum for resolution of private litigation

Having concluded that Plaintiff's Complaint fails to state a claim under § 1983, this Court next considers whether it states a claim under 42 U.S.C. § 1985. Because Plaintiff has not set forth any factual allegations that even remotely support a claim under § 1985, subsection (1) (preventing officer from performing duties), or subsection (2) (obstructing justice, intimidating party, witness, or juror), Plaintiff's claim is construed under § 1985, subsection (3), which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir.1994), cert. denied, 515 U.S. 1142 (1995).

To come within § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the

laws, or of equal privileges and immunities under the laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88 (1971). The Tenth Circuit has held that, in order to support a claim under the statute, plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from plaintiff's membership in that class. See *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746-47 (10th Cir.1980). There must be some racial or other class-based, invidiously discriminatory animus behind the conspirators' actions. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993); *Carpenters v. Scott*, 463 U.S. 825, 838 (1983); *Graham v. City of Oklahoma City, Okla.*, 859 F.2d 142 (10th Cir.1988); *Brown v. Reardon*, 770 F.2d 896 (10th Cir.1985).

As support for his § 1985 claim, Plaintiff states, "[t]he defendants conspired with the lawyer-judge in their pleadings to deny Plaintiff of his right to a trial by jury in a design to obstruct due court process of justice through unjust, dishonest and immoral acts resulting in injury to the Plaintiff." (Compl. at p. 12-13 ¶ 31). In addition, Plaintiff alleges that "[t]he Defendants conspired with the lawyer-judge to deny Plaintiff of meaningful hearings and due process resulting in injury to the Plaintiff." (Compl. at p. 13 ¶31). Finally, Plaintiff argues that "[t]he defendants conspired with the lawyer-judge to obstruct justice in acts of discrimination toward a non-lawyer pro se litigant denying status and standing in the court." (Compl. at p. 13 ¶31).

First, Plaintiff has failed to establish the existence of a conspiracy. An allegation of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. *Crabtree By & Through Crabtree v. Muchmore*, 904 F.2d 1475,

8

1476 (10th Cir.1990); *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983). A plaintiff may establish a conspiracy by either direct or circumstantial evidence of a meeting of the minds or an agreement among the defendants. Such allegations are completely lacking here.

Second, Plaintiff has failed to demonstrate any deprivation of his equal protection or equal privileges and immunities. A plaintiff must establish a class-based or racially discriminatory motive behind the conspiratorial activities to establish this element. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir.1995). Section 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, "but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. " *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Third, Plaintiff has failed to demonstrate the alleged conspiracy was aimed at interfering "with rights constitutionally protected against private, as well as official, encroachment." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 833 (1983). "[Section] 1985(3) applies to private conspiracies only in the event that the right aimed at by the conspiracy is one protected against both public and private interference." *Bray v. Alexandria Women's Health Clinic*, 113 S.Ct. at 764. For all of these reasons, I conclude that Plaintiff failed to state a claim under 42 U.S.C. 1985. Plaintiff's mere conclusory allegations of a conspiracy with no supporting factual averments are insufficient to state a claim under Section 1985(3). Plaintiff has alleged no facts tending to show any agreement or concerted action among the defendants. Therefore, this Court will grant Defendants' motion to dismiss Plaintiff's Section 1985 claim for failure to state a claim.

Finally, Plaintiff asserts a claim under 42 U.S.C. § 1986. Under 42 U.S.C. § 1986, persons who have knowledge of a § 1985 conspiracy and fail to exercise any power they might have to

prevent it may be liable to the party injured in the conspiracy. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119 (10th Cir. 1994). Plaintiff's § 1986 claim fails because "there cannot be a valid claim under Section 1986 unless there is also a ... valid Section 1985 claim." *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir.1977).

Having determined that Plaintiff fails to state any claim upon which relief can be granted, this Court examines the question of whether Rule 11 sanctions should be imposed. Rule 11 relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *Eisenberg v. University of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). Sanctions may be appropriate where a pro se litigant fails to make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law. *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990). As support for Rule 11 Sanctions, Defendant argues that because Plaintiff's complaint is entirely devoid of any specific facts, dates, persons, events or representations, Plaintiff failed to make a reasonable inquiry before filing the lawsuit. (Defs' Mem. in Support of Def.s' Mot. for Rule 11 Sanctions at p. 2). Defendant argues that Plaintiff filed this suit "as a way to shop for a new judge in the state court case after receiving rulings not to his liking." (Defs' Mem. in Support of Def.s' Mot. for Rule 11 Sanctions at p. 2) Plaintiff responds by stating, "Defendants' Motion is just so much lawyer garbage and this lawyer Defendants should be sanctioned for taking up the time of the Court and causing Plaintiff to haul off their lawyer garbage" [sic] (Pl.'s Resp. to Mot. for Rule 11 Sanctions at p. 1).

Awarding attorney fees to prevailing defendants is not "wholesale fee shifting but [rather] correction of litigation abuse." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir.1987); see also

Fed.R.Civ.P. 11 advisory committee notes ("The word 'sanctions' in the caption ... stresses a deterrent orientation in dealing with improper pleadings, motions or other papers.").  The standard developed by courts for imposition of sanctions under Rule 11 is stringent because such sanctions are in derogation of the general American policy of encouraging resort to the courts for peaceful resolution of disputes. In light of the fact that Plaintiff is unrepresented and lacks legal training, this Court concludes that the present case is not sufficiently unmeritorious or frivolous to warrant Rule 11 sanctions.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Docket No. 9), filed March 12, 1998 is **granted.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions pursuant to FED. R. CIV. P. 11 (Docket No.17 ), filed April 8, 1998 is **denied.**

**IT IS FURTHER ORDERED** that reasonable costs be awarded to the prevailing party.

**IT IS SO ORDERED.**

                                                                                  _/s/ LeRoy Hansen_
                                                                                  **UNITED STATES DISTRICT JUDGE**